FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION    2020 FEB 18  P 1: 25

DISTRICT OF UTAH

| | |
|---|---|
| Jason C. Shook,<br><br>Plaintiff,<br><br>v.<br><br>Salt Lake City,<br><br>Defendant. | ORDER GRANTING IFP AND RECOMMENDATION FOR DISMISSAL CLERK<br><br>Case No. 2:20-cv-0072 HCN<br><br>District Judge Howard C. Nielson, Jr. |

Before the court is Plaintiff's application to proceed without prepayment of fees under 28

U.S.C. § 1915. (ECF 1.) Independent of Plaintiff's application, and pursuant to Local Rule 3-

2(c), the undersigned recommends that the court dismiss the complaint as frivolous and for

failure to state a claim upon which relief may be granted.[1]

## I.    Motion to Proceed Without Prepayment of Fees

Plaintiff Jason Shook asks the court to allow him to proceed with his action without

paying the required filing fee and other costs associated with litigation (commonly called

proceeding in forma pauperis or IFP). The court may grant a plaintiff's request if he or she

submits an affidavit describing their assets and the court finds that he or she is unable to pay the

filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider

whether the plaintiff can pay the costs associated with litigation and still "be able to provide

[himself and his dependents] with the necessities of life." *Adkins v. E.I. DuPont de Nemours &

Co.*, 335 U.S. 331, 339 (1948) (internal quotations emitted). As part of its evaluation under the

statute, the court must also consider the viability of his claims. If the court determines that the

---

[1] Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent
standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Mr. Shook's IFP application the court finds he lacks the resources to pay the costs associated with this litigation. Therefore, the motion to proceed IFP will be granted.

## II.      The Complaint is frivolous and fails to state a claim upon which relief may be granted

On receipt of an IFP application, a magistrate judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(c) (setting forth the procedure whereby a magistrate judge may review a complaint and recommend that an "action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)."). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id. See also, Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th

2

Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless" a classification encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mr. Shook's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

Mr. Shook's Complaint contains two claims:

§ 1512: Multiple functioning employees including the Mayer herself, (formerly), negligently refused the plaintiff assistance in communicating potential criminal activities to the appropriate federal agencies.

§ 1513: After requesting Salt Lake City Police assistance in contacting the International Corruption Unite with the F.B.I. in regards to potential concerns within Salt Lake City's government the police department threatened, and then enacted deprivation of constitutional liberties pertaining to peaceable assembly and petition. Complaint p. 1.

Plaintiff then cites to Exhibit 1 attached to the proposed Complaint. This Exhibit is a screen shot of only the title to a news article: "Police recover body of slain Utah student Mackenzie Lueck in Logan Can…" Below the screen shot is a text from Mr. Shook. It states: "Ms. Biskuspki, do me a favor and call the international corruption unit with the F.B.I. Jason Shook 801-865-7249." Mr. Shook's requested relief includes, "State enforcement of any and all applicable code pertaining

3

to malfeasance of an officer ... and Official Misconduct via Criminal Negligence." Complaint p. 2. And, all applicable fines and court appointed representation.

As a starting point, a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991). But civil litigants, like Mr. Shook, have no Sixth Amendment right to an attorney. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir.2006) (per curiam). The lack of a colorable claim here weighs against appointing counsel. Thus that request is denied by the court.

In short, Mr. Shook's Complaint fails to meet the plausibility standard that "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Even under the broad reading this court gives Plaintiff's Complaint, it still fails to state a plausible claim. It appears Mr. Shook sought to have the Mayor or the Salt Lake City Police contact the F.B.I. for him. Apparently Mr. Shook has some "potential concerns" he wants to share with the F.B.I. It is unclear from the Complaint what these potential concerns are. At best, the court is left to guess that perhaps they center on the recovery of Mackenzie Lueck's body. There is no interpretation of these assertions, along with the others he makes, that even under the most liberal construction afforded a pro se plaintiff by which the court can decipher a cognizable claim.

Further, a cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. This case fits within the category of legal frivolousness based on the factual allegations.

The Tenth Circuit has explained that a court "should dismiss with leave to amend ... if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *Brever v. Rockewell Int'l Corp.*, 40 F.3d 1119, 1131 (10th

4

Cir. (1994). Yet a court "may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile." *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (quotations and citation omitted). Such is the case here under any reading of Mr. Shook's factual assertions. It is clear any amendment would be futile.

For these reasons, the court should dismiss Mr. Shook's complaint as frivolous and for failing to state a claim upon which relief may be granted.

## ORDER AND RECOMMENDATION

For the aforementioned reasons, the court grants the application to proceed without prepayment of fees. In addition, consistent with DUCivR 3-2(c) and under § 1915(e), the undersigned recommends that Mr. Shook's Complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 10 February 2020.


Dustin B. Pead
United States Magistrate Judge