IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Jason C. Shook,<br><br>                        Plaintiff,<br><br>v.<br><br>Salt Lake City,<br><br>                        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-0072 HCN DBP<br><br>Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Previously the court granted Plaintiff's Motion to Proceed in forma pauperis. (ECF No. 2.) The undersigned then entered a Report and Recommendation. (ECF No. 4.) Plaintiff's first claim for relief was dismissed with prejudice, and Plaintiff's second claim was dismissed with leave to amend. (ECF No. 7.) The court held that Plaintiff's prior allegations under 18 U.S.C. § 1512 failed, and that his Complaint consisted of conclusory allegations, which failed to satisfy the pleading standards in *Ashcroft v Iqubal*, 556 U.S. 662 (2009).  Plaintiff filed a timely Amended Complaint in accordance with court order. As set forth herein, the undersigned finds the Amended Complaint fails to comply with the applicable pleading standards and should be dismissed under 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief may be granted.

BACKGROUND

Plaintiff's Amended Complaint asserts a similar factual background as his original Complaint. Plaintiff avers that on June 26, 2019, Plaintiff was at Salt Lake International Airport when he saw a woman resembling University of Utah student McKenzie [Lueck] who at the time

was missing. Subsequent investigations determined that Ms. Lueck was tragically murdered June 17, 2019.

According to Plaintiff, two days later, on the evening of June 28, 2019, he asked for assistance from an officer reporting that "he had witnessed an occurrence." (ECF No. 9 p. 2.) Plaintiff asked the officer to contact the International Corruption Unit with the Federal Bureau of Investigation (FBI). The officer declined and informed Plaintiff that his allegations raised unnecessary alarm in public and he was going to cite Plaintiff for disorderly conduct. Plaintiff asserts the officer failed to perform his duty when he declined to report his "occurrence" to the FBI. Plaintiff does not provide the court with details or the nature of the "occurrence".

Two days later, on June 30, 3019, Plaintiff once again found himself at the Salt Lake City International Airport where he was stopped by another officer. Plaintiff reported that crimes were being committed by his colleagues and requested assistance again in contacting the FBI. The request was again denied. A similar scenario happened again July 1, 2019. Plaintiff asked for help in contacting the FBI and allegedly "the I.C.U." this time. His requests were denied. On July 5, 2019, Plaintiff allegedly asked the former mayor of Salt Lake City, Jackie Biskupski, to contact the FBI, and once again his request was refused.

Based on the refusal and failure of these individuals to contact the FBI, and "the I.C.U." on one occasion, Plaintiff was "injured in deprivation of victim witness rights specific to Article 28 Utah State Constitution" and asks the court to enforce procedure and investigate public corruption. (ECF No. 9 p. 3.) Finally, Plaintiff provides a case number regarding the incident that may be found in the Third District Court for the State of Utah.

DISCUSSION

Plaintiff is proceeding in forma pauperis so the in forma pauperis statute 28 U.S.C. § 1915 applies. Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id. See also, Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless" a classification encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plaintiff's *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

Here, Plaintiff's Amended Complaint fails to meet the applicable pleading standards. Even under a broad reading, Plaintiff's Amended Complaint fails to articulate a claim under 42 U.S.C. § 1983, which the court noted previously may be possible. Plaintiff asserts he was deprived of victim witness rights found in Article 28 of the Utah State Constitution.

Article I § 28 of the Utah Constitution provides:

Sec. 28. [Declaration of the rights of crime victims]

(1) To preserve and protect victims' rights to justice and due process, victims of crimes have these rights, as defined by law:

>   (a) To be treated with fairness, respect, and dignity, and to be free from harassment and abuse throughout the criminal justice process;

>   (b) Upon request, to be informed of, be present at, and to be heard at important criminal justice hearings related to the victim, either in person or through a lawful representative, once a criminal information or indictment charging a crime has been publicly filed in court; and

>   (c) To have a sentencing judge, for the purpose of imposing an appropriate sentence, receive and consider, without evidentiary limitation, reliable information concerning the background, character, and conduct of a person convicted of an offense except that this subsection does not apply to capital cases or situations involving privileges.

(2) Nothing in this section shall be construed as creating a cause of action for money damages, costs, or attorney's fees, or for dismissing any criminal charge, or relief from any criminal judgment.

(3) The provisions of this section shall extend to all felony crimes and such other crimes or acts, including juvenile offenses, as the Legislature may provide.

(4) The Legislature shall have the power to enforce and define this section by statute.

Utah Const. art. I, § 28.

The facts before the court do not raise to the level of Plaintiff being a victim of a crime. Thus, this section of the Utah Constitution is inapplicable. There is no crime by an officer, or

even a former mayor, in declining to notify the FBI of a supposed "occurrence" and unspecified crimes. The Amended Complaint boarders on the fanciful, fantastic, and delusional, with no factual allegations regarding the crime or occurrence that should be reported to the FBI. In addition, the court cannot find a violation of some duty to notify an I.C.U. on the facts before it. In sum, the Amended Complaint fails to meet the Supreme Court's pleading requirements and having already allowed Plaintiff an opportunity to amend, the court need not do so again on the facts asserted in the Amended Complaint.

REPORT AND RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Plaintiff's Amended Complaint be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 February 2023.

Dustin B. Pead
United States Magistrate Judge